Argued March 22, reversed and remanded April 19, reconsideration denied
May 26, petition for review denied June 15, United States Supreme Court
writ of certiorari denied November 29, 1976

STATE OF OREGON, *Appellant,*

*v.*

SANFORD SCOTT MOSER, *Respondent.*

(No. C 75-03-0855 Cr, CA 4952)

548 P2d 508

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for appellant. With him on the brief was Lee Johnson, Attorney General, Salem.

*John H. Clough,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant was indicted for the crimes of criminal activity in drugs and attempted criminal activity in drugs, ORS 167.207, and in the alternative, for the crime of fraudulent sale of imitation drugs, ORS 167.232. The state appeals a trial court order dismissing the indictment. We agree with the state that the order was erroneous.

Defendant was arrested at the time he allegedly consummated a drug transaction with an undercover officer of the Multnomah County Sheriff's Department. Following the arrest, defendant indicated that he would be willing to assist the police in arranging narcotics deals. Deputy sheriffs testified that it is a fairly common practice to offer an arrestee in a narcotics case an opportunity to help officers make other purchases. In exchange, the arrestee usually receives some benefit.

Here it was agreed that defendant's parole officer would not be notified of his arrest and that the information would not be passed on to the grand jury.[1] Defendant was to put an undercover officer in contact with three different drug dealers. When the police officer working with defendant concluded that defendant was not cooperating in the agreed manner, the officer recommended indictment.

Although defendant's lengthy brief quotes from or alludes to numerous authorities, he does not point to a single authority which states or even implies that an agreement such as the one at issue here must result in immunity from criminal prosecution for the individual from whom the police obtained the agreement—absent a showing that the agreement in some manner prejudiced the ability of that individual to receive a fair trial. We recognize that the ability of police officers

---

[1] A police officer testified that the sheriff's office advises the district attorney of the facts and makes a recommendation. The district attorney's action is generally based on that recommendation.

and prosecutors to determine the course of a case at an early stage is a powerful tool. It is also a tool which is important to law enforcement. We hold that since there has been no claim, let alone any showing, that the activities of the police in any way prejudiced defendant's ability to receive a fair determination of his guilt or innocence, the indictment was improperly dismissed.

Reversed and remanded.